UNITED STATES DISTRICT COURT **07 CV 3058**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

JULIE A. SNOWDEN,                                Civil Action No.:

                        Plaintiff,

        -against-                                **NOTICE OF REMOVAL**

HOME DEPOT U.S.A., INC.,                         APR 1 6 2007

                        Defendant.               U.S.D.C. S.D.N.Y.
                                                 CASHIERS

------------------------------------------------------------ X

To The Honorable Judges of The United States District Court for The Southern District of New York:

        Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, respectfully shows this Court:

        1.        Home Depot is the defendant in the above-entitled action.

        2.        On or about October 31, 2006, the above-entitled action was commenced against Home Depot by the filing of a summons and complaint in the Supreme Court of the State of New York, County of Sullivan, under Index No. 3349/06, and is now pending therein.

        3.        On our about November 20, 2006, Home Depot was served with a summons and complaint via service at the Home Depot store located at 4050 State Route 42, Monticello, New York 12701 (the "Store"). A copy of the summons and complaint is annexed hereto as Exhibit "A".

        4.        Home Depot served its answer to the Complaint on January 23, 2007, along with discovery requests, including a Request for a Supplemental Demand. A copy of

Home Depot's Answer and Request for a Supplemental Demand is annexed hereto as combined Exhibit "B".

5.      On March 27, 2007, Home Depot moved the Supreme Court, Sullivan County, for an Order compelling discovery from plaintiff. Home Depot withdrew its motion upon receipt of plaintiff's discovery responses, including a response to Home Depot's Request for a Supplemental Demand.

6.      Plaintiff's Response to Request for Supplemental Demand, annexed hereto as Exhibit "C", indicates a demand of $500,000 for conscious pain and suffering and $500,000 for future pain and suffering.

7.      The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8.      Plaintiff, by her own admission, is a resident of the State of New York.

9.      Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10.      The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of trip and fall accident while plaintiff was at the Store on May 30, 2005.

11.      Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

12.      This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13.    This notice is **timely filed** pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the **Supreme Court** of the State of New York, County of Sullivan to this Court.

Dated: New York, New York
      April 13, 2007

Yours, etc.,

D'AMATO & LYNCH

By:         

ARTURO M. BOUTIN (AB8654)
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270
(212) 269-0927
**Our File No.:  434-74213**

3

# EXHIBIT A

RECEIVED Sullivan County Clerk
CIVIL Case Number  00003349
31 Day of Oct 2006 03:15P

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
------------------------------------------X   Index No.  3349-06

JULIE A. SNOWDEN,                                 Plaintiff designates
                                                  Sullivan County as
                                 Plaintiff,        the place of trial
                                                  The basis of venue is
                                                  Plaintiff's residence
            - against -

                                                  **SUMMONS**
HOME DEPOT U.S.A., INC.,

                                 Defendant.        The plaintiff resides at
------------------------------------------X   Ferndale, NY 12734
                                                  Sullivan County

TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint is not
served with this summons, to serve a notice of appearance on the
plaintiffs' attorney within 20 days after service of this summons,
exclusive of the date of service (or within 30 days after the service is
complete if the summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in
the complaint.

Dated:  Ferndale, New York
        October 31, 2006

                                   Yours, etc.

                                   JEFFREY S. ALTBACH, ESQ.
                                   Attorney for Plaintiffs
                                   Office and P.O. Address
                                   Liberty Professional Plaza
Defendant's Address:               111 Sullivan Ave., P.O. Box 554
                                   Ferndale, New York  12734
Home Depot U.S.A., Inc.            Tel:  (845) 292-6640
4050 State Route 42
Monticello, New York 12701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------X
JULIE A. SNOWDEN,

                         Plaintiff,

         - against -

HOME DEPOT U.S.A., INC.,

                         Defendant.
-------------------------------------------------X

Index No. 3349/06

**COMPLAINT**

The plaintiff, by her attorney, JEFFREY S. ALTBACH, ESQ.,

complaining of the defendant, shows to this Court and alleges the

following upon information and belief:

1.   At all times hereinafter mentioned, the plaintiff, Julie A.

Snowden, resided at 327 Harris Road, Ferndale, New York 12734,

Sullivan County.

2.   At all times hereinafter mentioned, the defendant, Home

Depot U.S.A., Inc., was a Delaware Corporation with an office and place

of business at 4050 State Route 42, Monticello, New York, Sullivan

County.

3.   That at all times hereinafter mentioned, Home Depot

U.S.A., Inc. was a tenant at the real property located at 4050 State

Route 42, and in possession and control of said premises.

4.   That at all times hereinafter mentioned, Home Depot

U.S.A., Inc. was a retail establishment involved in the sale of goods and

merchandise to patrons at 4050 State Route 42, Monticello, New York.

5.    At all times, Home Depot U.S.A., Inc. was responsible for safely storing and displaying goods and merchandise at its premises.

6.    At all times hereinafter mentioned, the defendant, Home Depot U.S.A., Inc. was responsible for the safety and welfare of patrons at its premises by insuring that products and merchandise were properly stored and to prevent inventory from falling on to its patrons and customers.

7.    That prior to May 30, 2005, the defendant carelessly and negligently maintained its premises and merchandise by allowing boxes of merchandise and inventory to be placed standing vertically haphazardly in the aisles used by patrons.

8.    That on the 30th day of May, 2005, the said defendant knew or should have known of the unsafe and dangerous condition of boxes standing vertically in its aisles which should have been corrected by the proper security of free standing vertical boxes.

9.    That on the 30th day of May, 2005, at or about noon, while the plaintiff was a patron lawfully on the premises of Home Depot U.S.A., Inc. in Monticello, New York, the plaintiff was caused be struck by two vertical boxes in the aisle in which the plaintiff was walking causing her to sustain serious injuries as hereinafter alleged.

10.    That the said accident and injuries resulting to the plaintiff therefrom were caused solely and wholly by the negligence of the defendant in failing to maintain its merchandise and inventory in a safe

and secure location; in failing to supervise for the care and maintenance of the merchandise in the store; in failing to warn patrons of the dangerous conditions which existed at the premises; in failing to perceive that a dangerous condition existed; and in otherwise being negligent in the premises.

11.    As a result of the said accident and the negligence and carelessness of the defendant as aforesaid, the plaintiff was caused to sustain bodily injuries with accompanying pain so that the plaintiff became and still continues to be sick, sore, lame, and disabled, and that her injuries are believed to be permanent.

WHEREFORE, Plaintiff, Julie A. Snowden, demands judgment against the defendant in the amount of FIVE HUNDRED THOUSAND and 00/100 ($500,000.00) DOLLARS, together with the costs and disbursements of this action, and for such other relief as to this Court may be just and proper.

Dated:  Ferndale, New York
        October 31, 2006

JEFFREY S. ALTBACH, ESQ.
Attorney for Plaintiff
Office and P.O. Address
Liberty Professional Plaza
111 Sullivan Avenue, P.O. Box 554
Ferndale, New York 12734
Tel:  (845) 292-6640

J/Snowden v. The Home Depot

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
------------------------------------------------------------ X

JULIE A. SNOWDEN,                                :     Index No.: 3349/06

                    Plaintiff,                :

        -against-                            :     **VERIFIED ANSWER**

HOME DEPOT U.S.A., INC.,                    :

                 Defendant.          :

------------------------------------------------------------ X

       Defendant HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH,

as and for its answer, alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation set forth in paragraph "1" of the Verified Complaint.

       2.     Denies each and every allegation set forth in paragraph "2" of the Verified

Complaint, except admits that it is a Delaware Corporation.

       3.     Denies each and every allegation set forth in paragraph "3" of the Verified

Complaint.

       4.     Denies each and every allegation set forth in paragraph "4" of the Verified

Complaint.

       5.     Denies each and every allegation set forth in paragraph "5" of the Verified

Complaint.

       6.     Denies each and every allegation set forth in paragraph "6" of the Verified

Complaint.

7.    Denies each and every allegation set forth in paragraph "7" of the Verified Complaint.

8.    Denies each and every allegation set forth in paragraph "8" of the Verified Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "9" of the Verified Complaint.

10.    Denies each and every allegation set forth in paragraph "10" of the Verified Complaint.

11.    Denies each and every allegation set forth in paragraph "11" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.    Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant is liable to plaintiff herein, any liability being specifically denied, then the answering defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Upon information and belief, plaintiff failed to take any, or sufficient, action necessary to mitigate or minimize the damages allegedly sustained.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the alleged injuries of plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the answering defendant should be barred.

## AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

18. Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

WHEREFORE, defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Verified Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
        January 23, 2007

Yours, etc.,

D'AMATO & LYNCH

By:

ROBERT D. LANG
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270
(212) 269-0927
Our File No.: 434-74213

TO:   JEFFREY S. ALTBACH, ESQ.
      Attorney for Plaintiff
      Liberty Professional Plaza
      111 Sullivan Avenue, P.O. Box 554
      Ferndale, New York 12734
      (845) 292-6640

## ATTORNEY'S VERIFICATION

ROBERT D. LANG, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.     I am a partner with the firm of D'AMATO & LYNCH, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2.     I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.     The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.     The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.     The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_____
ROBERT D. LANG

Dated: New York, New York
        January 23, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-------------------------------------------------- X

JULIE A. SNOWDEN,                    :    Index No.: 3349/06

               Plaintiff,   :

     -against-                       :    **REQUEST FOR**
                                     :    **SUPPLEMENTAL DEMAND**
HOME DEPOT U.S.A., INC.,             :

              Defendant.   :

-------------------------------------------------- X

       Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days

from the date of the service of this Demand, you are hereby required to set forth the total

damages to which each plaintiff deems himself/herself entitled and list same separately for each

cause of action or claim.

Dated:     New York, New York
           January 23, 2007


                    Yours, etc.,

                    D'AMATO & LYNCH

     By:

                    ROBERT D. LANG
                    Attorneys for Defendant
                    HOME DEPOT U.S.A., INC.
                    70 Pine Street
                    New York, New York  10270
                    (212) 269-0927
                    Our File No.: 434-74213

TO:     JEFFREY S. ALTBACH, ESQ.
        Attorney for Plaintiff
        Liberty Professional Plaza
        111 Sullivan Avenue, P.O. Box 554
        Ferndale, New York 12734
        (845) 292-6640

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK)

):ss.

COUNTY OF NEW YORK)

LESLIE NAN COLON, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

On January 23, 2007 deponent served the within VERIFIED ANSWER AND DEMAND FOR BILL OF PARTICULARS; DEMAND FOR EXPERT WITNESS INFORMATION; COMBINED DEMAND FOR DISCOVERY AND INSPECTION AND PRE-TRIAL DISCLOSURE; NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION; DEMAND FOR COLLATERAL SOURCE; and REQUEST FOR SUPPLEMENTAL DEMAND on the following:

JEFFREY S. ALTBACH, ESQ.
Attorney for Plaintiff
Liberty Professional Plaza
111 Sullivan Avenue, P.O. Box 554
Ferndale, New York 12734
9845) 292-6640

by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the state of New York, properly addressed to each of said attorneys at the above addresses designated by them for that purpose.

LESLIE NAN COLON

Sworn to before me this
23rd day of January 2007

Notary Public

LAURIE P. BEATUS
NOTARY PUBLIC, STATE OF NEW YORK
No. 02BE6060895
Qualified in New York County
Commission Expires July 2.20 _07_

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
------------------------------------------------------------X     Index No. 3349/06
JULIE A. SNOWDEN,

Plaintiff,

**PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY DEMANDS**

-against-

HOME DEPOT U.S.A., INC.,

Defendant.

------------------------------------------------------------X

The plaintiff, by her attorney, Jeffrey S. Altbach, Esq., responds to the Defendant's Discovery Demands as follows, upon information and belief:

## DEMAND FOR EXPERT WITNESS INFORMATION

No expert witnesses have yet been retained by the attorney for the plaintiff. However, the names, fields of expertise, educational background, hospital affiliations, licenses, societies, location of practice, board certifications, summary of qualifications, substance of facts and opinions, summary of grounds of opinions and reports will be submitted in advance of trial.

## DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES

(a)    Witnesses to the occurrence of the accident are as follows:

>Lady Manager at The Home Depot Store
>Male Venetian Blind or Shade Cutter
>(Names Unknown)
>
>Janet Santiago
>Box 4423
>Monticello, New York 12701

(b)    Witnesses to any acts, omissions, or conditions which caused the occurrence are as follows:

Lady Manager at The Home Depot and
Male Venetian Blind Cutter or Shade Cutter
(Names Unknown)

Janet Santiago - Mother
Broadway, PO Box 1423
Monticello, New York 12701

(c)      Actual notice is not claimed.

(d)      Witnesses to the nature and duration of the condition which caused
the accident are as follows:

Lady Manager at The Home Depot and
Male Venetian blind cutter (employee)
(Names Unknown)

Janet Santiago
Broadway, P. O. Box 1423
Monticello, New York 12701

Rick Succi, Manager
The Home Depot

(e)    This action does not involve a street defect.

## DEMAND FOR THE DISCOVERY AND INSPECTION OF ANY STATEMENT BY OR ON BEHALF OF A PARTY REPRESENTED BY THE DEFENDANT'S ATTORNEY

None.

## NOTICE FOR DISCOVERY AND INSPECTION OF MEDICAL INFORMATION, ETC.

(a)    Authorizations to obtain copies of records of all medical
providers are enclosed.

(b)    Authorizations to obtain all hospital records are provided.

(c)    Authorizations to receive any and all additional medical
data are provided.

(d)    Copies of any and all bills in plaintiff's possession are
provided.

(e)   This is not a No-Fault Insurance litigation.

(f)   This is not a Workers' Compensation case.

(g)   The plaintiff is not receiving Social Security Disability Benefits.

(h)   Physical examinations or testimony have not been conducted on behalf of any party.

(h)   Loss of services is not claimed.

## DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS

Photographs of the accident scene are provided.

## DEMAND FOR INCOME TAX RETURNS

An authorization for tax returns is enclosed.

## DEMAND FOR EMPLOYMENT AUTHORIZATIONS

Authorizations for plaintiff's prior employment are provided. The plaintiff was disabled from a Worker's Compensation accident which occurred on March 9, 2005.

## DEMAND FOR WITNESSES

The names and addresses of witnesses are provided in paragraph 2 of Plaintiff's Responses to Discovery Demands.

## DEMAND FOR PLAINTIFF'S RESIDENCE

The plaintiff's residence address is 153 Upper Ferndale Road, Liberty, New York 12754.

## DEMAND FOR PLAINTIFF'S DATE OF BIRTH AND SOCIAL SECURITY NUMBER

The plaintiff's date of birth is April 12, 1972. Her Social Security Number is 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.

## DEMAND FOR HEIGHT AND WEIGHT OF PLAINTIFF

The plaintiff is 5 feet 4 inches tall and weighs 180 pounds.

## DEMAND FOR DISCOVERY AND INSPECTION OF PHARMACEUTICAL RECORDS

Authorizations for pharmaceutical records are provided.

## DEMAND FOR DISCOVERY AND INSPECTION OF EMPLOYMENT RECORDS

Authorizations to receive copies of plaintiff's last employment records are provided.

## DEMAND FOR COLLATERAL SOURCE

1.    The plaintiff's collateral sources of payment have been as follows:

Hudson Health Plan
303 S. Broadway, Suite 321
Tarrytown, New York 109591
Policy No. AE75259Y

Empire BlueCross/Blue Shield
1140 Broadway, 9th Floor
New York, New York 10018
Group 377 274, Rel-11
YLK80710923

## REQUEST FOR SUPPLEMENTAL DEMAND

Plaintiff incurred damages as follows:

| | |
|---|---|
| Conscious Pain and Suffering | $500,000.00 |
| Future Pain and Suffering | $500,000.00 |

Dated: Ferndale, New York
       March 26, 2007

JEFFREY S. ALTBACH, ESQ.
Attorney for Plaintiff
Liberty Professional Plaza
111 Sullivan Ave., P. O. Box 554
Ferndale, New York 12734
(845) 292-6640

TO:    D'AMATO & LYNCH, ESQS.
       Attorneys for Defendant
       70 Pine Street
       New York, New York 10270-0110
       Tel. (212) 909-2088

*Index No.* 2249        *Year 20* 06

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

JULIE A. SNOWDEN,

                              Plaintiff,

            -against-

HOME DEPOT U.S.A., INC.,

                        Defendant.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY DEMANDS

*Attorney for*

JEFFREY S. ALTBACH
Plaintiff

LIBERTY PROFESSIONAL PLAZA
111 SULLIVAN AVENUE, P.O. BOX 554
FERNDALE, NEW YORK 12734
TEL: (845) 292-6640

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ........................        Signature........................................

                                        Print Signer's Name........................................

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

                              _____
                                        *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐          that the within is a (certified) true copy of a                              20
NOTICE OF   entered in the office of the clerk of the within named Court on
ENTRY

☐          that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.                              one of the judges of the within named Court,
SETTLEMENT  at
            on                    20        , at              M.

*Dated:*

                                        JEFFREY S. ALTBACH
                              *Attorney for*